Ernest Ellison Auditor General Tallahassee
QUESTIONS:
1. Where funds granted to the Canal Authority of the State of Florida by the Department of Natural Resources, or its predecessor, out of the Water Resources Development Account in the General Revenue Fund of the state under s. 373.498, F. S., have remained in the authority's depositories after the expiration of the appropriation or fiscal period, are they subject to reversion under the provisions of s. 216.301, F. S.?
2. Where interest has been earned by the authority because of its investments of such funds, may the interest be retained and spent by the authority for the purposes of the original grant, or must it be paid into the General Revenue Fund of the state?
SUMMARY:
Undisbursed funds granted to the Canal Authority of the State of Florida from the Water Resources Development Account are not subject to reversion to the fund pursuant to s. 216.301, F. S., in that said funds are not `appropriations' as contemplated by s.216.301, F. S., and interest earned on the undisbursed funds is also not subject to reversion.
The first question is answered in the negative. The second question, dependent on an affirmative answer of the first, is therefore inapplicable.
Your questions specifically pertain to funds which have been received by the Canal Authority of the State of Florida in the form of grants out of the Water Resources Development Account under s. 373.498, F. S., which reads, in pertinent part, as follows:
 . . . Also, subject to the provisions of this chapter, there shall be available to any navigation district or agency created under chapter 374 or by special act of the Legislature, out of said Water Resources Development Account upon approval of the [department], a sum or sums or money not exceeding in the aggregate the total estimated amount required to cover the costs allocated to the district for constructing the works, for highway bridge construction, for the acquisition of land for rights-of-way, for water storage areas, and for administration and promotion. Said sum or sums shall be available as money is required for said purposes and may be a grant to said districts or agencies.
 The Canal Authority of the State of Florida is created by s. 374.011, F. S., as a body corporate to operate `under the supervision of the Department of Natural Resources.' Pursuant to Ch. 374, part I, F. S., the Canal Authority has broad powers through its board of directors that include, but are not limited to, the power to make contracts; to sue and be sued; to lease, buy, acquire, hold, and dispose of real and prsonal property; to employ and dismiss employees; to incur obligations of indebtedness; to condemn property; amend, and repeal bylaws, rules, and regulations governing the manner in which its business is conducted.
 The Canal Authority initially operated under the supervision of the Board of Conservation, but pursuant to the Governmental Reorganization Act of 1969, Ch. 69-106, Laws of Florida, s. 20.25(6), F. S., the Canal Authority was transferred to the Department of Natural Resources by a `type one' transfer. A `type one' transfer is defined as follows in s. 20.06(1), F. S.:
 (1) TYPE ONE TRANSFER. — A type one transfer is the transferring intact of an existing agency or of an existing agency with certain identifiable programs, activities, or functions transferred or abolished so that the agency becomes a unit of a department. Any agency transferred to a department by a type one transfer shall henceforth exercise its powers, duties, and functions as prescribed by law, subject to review and approval by, and under the direct supervision of, the head of the department.
Section 20.03(1), F. S., defines `agency,' as the context of Ch. 20 requires, to mean any `official, officer, commission, authority, council, committee, department, division, bureau, board, section, or another unit or entity of government.' As has been previously expressed by an opinion of this office, AGO 062-160, the Canal Authority was created as a corporate authority of the state, as an agency of the state, and thus was transferred intact to the Department of Natural Resources, as a unit within the department and a part thereof. See also AGO 074-17.
As was stated in your letter, s. 216.301, F. S., relates to the reversion into the State General Revenue Fund of any unexpended balances of appropriations for state agencies. Section216.011(1)(e), F. S., defines `state agency' as any `official, officer, commission, board, authority, council, committee, or department of the executive branch, or the judicial branch, as herein defined, of state government.' The issues raised by implication within your letter are whether the Canal Authority is a `state agency' within the purview of this statute, or whether the past `grants' were in fact and in law `appropriations' to the Canal Authority, and, thus, subject to the provisions of s.216.301, F. S.
It is my opinion that the Canal Authority is a `state agency' within the purview of said definition found in s. 216.011(1)(e), F. S. As is stated above, the Canal Authority is a unit of, and a part of the Department of Natural Resources and its directors are `officers' of the executive branch of state government.
In the informal letter to you on November 14, 1972, I expressed the view that the Suwannee River Authority was not a `state agency' within the purview of Ch. 216, F. S., and that those provisions of that chapter relating specifically to `state agencies' as therein defined should not apply to that authority. Unlike the Canal Authority, however, the Suwannee River Authority was created by special act, Chs. 57-700 and 61-545, Laws of Florida, and collected local funds for its operations and did not submit legislative budgets.
Having determined that the Canal Authority is a `state agency' as contemplated by s. 216.301, F. S., it is next necessary to determine whether the `grants' in question were `appropriations,' and, thus, subject to said provisions.
In AGO 067-10, it was stated that the Central Florida Flood Control District was a `state agency' within the purview of s. 282.081, F. S. 1965, and that unexpended balances of state appropriations to the district reverted to the fund from which appropriated. A review of s. 1, Ch. 65-135, Laws of Florida, discloses that the funds received by the Central Florida Flood Control District (items 323 and 324) were specific `appropriations' from the General Revenue Fund, and not grants made to aid or assist the district out of money appropriated to a special account.
Based upon a review of the general appropriations acts (specifically, Chs. 65-135, 67-300, 69-100, and 70-95, Laws of Florida), and an analysis of the provisions of ss. 373.495 and 373.498, F. S., which created the Water Resources Development Account and authorized the disbursement of funds from said account, it is my opinion that the `grants' received by the Canal Authority are not `appropriations' as contemplated by s. 216.301, F. S. In my opinion, the `grants' made by the Department of Natural Resources, or its predecessor, the Board of Conservation, were made pursuant to legislative authority, to the Canal Authority out of the appropriations to the Water Resources Development Account as contributions to the Canal Authority, and, as such, were `grants' in aid of the Canal Authority, or to assist it, in the nature of state contributions to the operating capital of the corporation for those purposes enumerated in s. 373.498, F. S.
Therefore, it is my conclusion that the `grants' are not subject to reversion under the provisions of s. 216.301, F. S., in that said `grants' are not `appropriations' as contemplated therein. Thus, any interest which has been earned by the Canal Authority because of its investments of such funds also would not be subject to a reversion to the General Revenue Fund of the State.
Prepared by: Edwin J. Stacker, Assistant Attorney General